THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK N. JARVIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DARREL S. PARKER, ESQ., *et al.*, <br><br> Defendants. | CASE NO: 1:13-CV-350 <br><br> JUDGE COLLEEN KOLLAR-KOTELLY |

## DEFENDANT DARREL S. PARKER ESQ.'S MOTION TO DISMISS

Defendant, Darrel S. Parker, Esq., ("Mr. Parker") by and through his attorneys, Aaron L. Handleman, Shannon L. Chaudhry, and Eccleston & Wolf, P.C., hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7(a) for an Order dismissing the Complaint in its entirety with prejudice, and in support thereof states as follows:

1. This litigation arises from Mr. Parker's service as a court-appointed Personal Representative of the Estate of James P. Jarvis, who was the Plaintiffs' husband and father respectively.

2. Plaintiffs bring causes of action against Mr. Parker for breach of fiduciary duty and civil conversion. In the District of Columbia, the statute of limitations for both breach of fiduciary duty and conversion claims is three years. D.C. Code § 12-201(8)(2012).

3. All of the alleged misconduct took place soon after Mr. Parker's appointment as Personal Representative on May 24, 2005, and Plaintiffs had notice of their claims during that time, or at the absolute latest, on July 8, 2005 when Plaintiffs filed their Complaint in Superior Court.

4. This lawsuit was filed more than three years later on March 22, 2013.

1

5.     Therefore, Mr. Parker respectfully requests that this Court dismiss the Complaint in its entirety with prejudice because it is barred by the applicable limitations period since Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6).

6.     Additionally, a final Order on the merits of Plaintiffs' instant claims against Mr. Parker was entered in an underlying probate proceeding in Superior Court, captioned *In re Estate of Jarvis*, 2003 ADM 001036, on March 9, 2009, and due to the final adjudicative effect of that Order, Plaintiffs' claims are barred by the doctrine of *res judicata.*

7.     Moreover, the factual and legal issues in Plaintiffs' instant Complaint against Mr. Parker arise from the "same cause of action" as those in the aforementioned underlying probate proceeding in the Superior Court, and due to the final adjudicative effect of these issues being previously litigated and resolved at trial, Plaintiffs' claims are barred by the doctrine of collateral estoppel.

8.     Mr. Parker incorporates by reference herein his Memorandum of Points and Authorities in Support of his Motion to Dismiss the Complaint.

WHEREFORE, Defendant Darrel S. Parker, Esq. respectfully requests that this Court grant his motion and dismiss the Complaint in its entirety with prejudice.

> Respectfully submitted,
>
> ECCLESTON & WOLF, P.C.
> _____/s/_____
>
> Aaron L. Handleman (#48728)
> Shannon L. Chaudhry (#985995)
> 1629 K Street, N.W., Suite 260
> Washington, DC 20006
> (202) 857-1696 (Tel)
> (202) 857-0762 (Fax)
> handleman@ewdc.com
> chaudhry@ewdc.com
> *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April 2013, a copy of the foregoing Motion to Dismiss, a Memorandum of Points and Authorities in Support thereof, the accompanying Exhibits, and a Proposed Order were served via the Court's electronic filing system on:

> James T. Zeas, Esq.
> Law Offices of James T. Zeas, Esq.
> 7608 Geranium Street
> Bethesda, MD 20817
> *Counsel for Plaintiffs*

and by first class mail on:

> C. Hope Brown, Esq.
> 4545 2nd St., N.W., Suite 303
> Washington, DC 20001
> *Defendant*

> /s/
> Shannon L. Chaudhry