UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEREK N. JARVIS, *et al.*,

    Plaintiffs,

    v.

DARRYL S. PARKER and
C. HOPE BROWN,

    Defendants.

Civil Action No. 13-350 **(CKK)**

**MEMORANDUM OPINION**
(June 3, 2013)

Plaintiffs filed their [1] Complaint in this action on March 18, 2013. On April 16, 2013, Defendant Parker filed a [12] Motion to Dismiss. On April 17, 2013, Defendant Brown filed a [15] Motion to Dismiss, or in the Alternative, for Summary Judgment. As explained in greater detail in the Court's [23] May 13, 2013 Memorandum Order, under the Federal and Local Rules, Plaintiffs' opposition to Defendant Parker's motion was due on Friday, May 3, 2013, and Plaintiffs' opposition to Defendant Brown's motion was due on Monday, May 6, 2013. Plaintiffs served neither opposition by the required deadline. Nor did Plaintiffs file a motion seeking an extension of time to respond to either motion, as is required by this Court's standing order. *See* Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly (Mar. 19, 2013), ECF No. [2], at ¶ 7.

Accordingly, on May 8, 2013, the Court issued an [20] Order granting Defendant Brown's motion to dismiss as conceded, due to Plaintiffs' failure to timely file an opposition memorandum, and dismissing without prejudice Plaintiffs' Complaint against Defendant Brown. On May 13, 2013, the Court issued a separate [23] Order which, *inter alia*, struck Plaintiffs' late-

filed opposition memorandum to Defendant Parker's motion to dismiss. The Court further granted Plaintiffs until May 15, 2013 to file a motion requesting reconsideration of the Court's Order dismissing without prejudice their case against Defendant Brown, and requesting post-deadline extensions for the filing of Plaintiffs' opposition briefs. *See* Order (May 13, 2013), ECF No. [23].

On May 15, 2013, Plaintiffs timely filed a [24] Motion for Reconsideration Seeking Extensions of Time for the Filing of Plaintiff Beneficiaries' Post-Deadline Opposition Briefs, which both Defendants oppose. On May 31, 2013, however, Plaintiffs filed a [28] Motion to Withdraw their Motion for Reconsideration, which requests that the Court permit Plaintiffs to withdraw their motion for reconsideration and also requests clarification that Defendant Parker will be dismissed from this action *without* prejudice, as was Defendant Brown.

The Court shall grant Plaintiffs' motion to withdraw but must also take the opportunity to make an important clarification for the record. In Plaintiffs' motion to withdraw their motion for reconsideration, Plaintiffs vaguely indicate that they untimely filed their opposition motions "due to Plaintiffs' counsel's serious illness during April 2013." *See* ECF No. [28], at 1. However, the Court notes that in their motion for reconsideration, Plaintiffs represent more specifically that Plaintiffs' counsel was incapacitated from influenza only from Monday, April 22, 2013 until Tuesday, April 30, 2013. *See* ECF No. [24], at 2. Plaintiffs also represent that Plaintiffs' failed to timely file their opposition briefs because Plaintiffs' counsel made an inadvertent error in that he believed Plaintiffs had twenty-one (21) days, *see id.* at 3, instead of the fourteen (14) days provided by this Court's Local Rules (plus three (3) additional days, where service is made through electronic filing), *see* LCvR 7(b); Fed. R. Civ. P. 6(d). Importantly, Plaintiffs' counsel has provided no explanation for his failure to consult this Court's Local Rules governing the time

for responding to motions at the time Defendants' motions to dismiss were filed, which was prior to Plaintiffs' counsel's alleged incapacitation – specifically, on April 16, 2013 and April 17, 2013. Nor has Plaintiffs' counsel provided any explanation for his failure to consult the Local Rules in the days immediately following his alleged incapacitation. It is well-established that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," as is required for the granting of post-deadline extensions of time, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). *See also, e.g., Inst. for Policy Studies v. C.I.A.*, 246 F.R.D. 380, 383-86 (D.D.C. 2007). Nor do careless timekeeping practices constitute "extraordinary circumstances" warranting reconsideration of a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See e.g., Cromartie v. Dist. of Columbia*, 806 F. Supp. 3d 222, 226-227 (D.D.C. 2011), *aff'd*, 479 Fed. Appx. 255 (D.C. Cir. 2012).

Therefore, although the Court has no occasion to rule on Plaintiffs' motion for reconsideration in view of their withdrawal of that motion, the Court notes, for purposes of the record, that the explanation proffered by Plaintiffs for their failure to timely file their opposition memoranda leaves much to be desired.

For the reasons stated herein, Plaintiffs' [28] Motion to Withdraw Their Motion for Reconsideration Seeking Extensions of Time for the Filing of Plaintiff Beneficiaries' Post-Deadline Opposition Briefs shall be granted. Further, Defendant Parker's [12] Motion to Dismiss is granted as conceded due to Plaintiffs' failure to timely file their opposition brief(s) thereto. *See* LCvR 7(b) ("Where are party fails to file a memorandum of points and authorities is opposition to a given motion, the Court may treat the motion as conceded."). Plaintiff's

Complaint against Defendant Parker shall be dismissed without prejudice. Accordingly, this case is hereby dismissed without prejudice in its entirety.

An appropriate order accompanies this Memorandum Opinion.

Date: June 3, 2013

_____/s/_____

**COLLEEN KOLLAR-KOTELLY**
United States District Judge