UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEREK N. JARVIS, *et al.*,

  Plaintiffs,

 v.

DARRYL S. PARKER and
C. HOPE BROWN,

  Defendants.

Civil Action No. 13-350 **(CKK)**

**MEMORANDUM OPINION**
(January 31, 2014)

Presently before the Court is Plaintiffs' [31] Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court DENIES Plaintiffs' Motion. Accordingly, this action remains DISMISSED WITHOUT PREJUDICE in its entirety.

**I. BACKGROUND**

Plaintiffs filed their [1] Complaint in this action on March 18, 2013. On April 16, 2013, Defendant Parker filed a [12] Motion to Dismiss. On April 17, 2013, Defendant Brown filed a [15] Motion to Dismiss, or in the Alternative, for Summary Judgment. As explained in greater detail in the Court's [23] May 13, 2013 Memorandum Order, under the Federal and Local Rules,

---

[1] Pls.' Mot. for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), ECF No. [31] ("Pls.' Mot."); Pls.' Mem. of P. & A. in Supp. of Pls.' Rule 60(b) Mot. for Relief from Judgment, ECF No. [31-1] ("Pls.' Mem."); Def. Browns' Opp'n to Pls.' Mot. for Relief from Judgment, ECF No. [34] ('Brown Opp'n"); Def. Parker's Opp'n to Pls.' Mot. for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), ECF No. [35]; Pls.' Corrected & Amended Reply to Def. Darryl S. Parker's Opp'n to Pls.' Rule 60(b) Mot. for Relief from Judgment, ECF No. [43]; Pls.' Corrected & Amended Reply to Def. C. Hope Brown, Esq.'s Opp'n to Pls.' Rule 60 Motion for Relief from Judgment, ECF No. [44]. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

Plaintiffs' opposition to Defendant Parker's motion was due on Friday, May 3, 2013, and Plaintiffs' opposition to Defendant Brown's motion was due on Monday, May 6, 2013. *See* Fed. R. Civ. P. 6(d); LCvR 7(b). Plaintiffs served neither opposition by the required deadline. Nor did Plaintiffs file a motion seeking an extension of time to respond to either motion, as was required by this Court's standing order. *See* Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly (Mar. 19, 2013), ECF No. [2], at ¶ 7.

Accordingly, on May 8, 2013, the Court issued an [20] Order which (1) granted Defendant Brown's motion to dismiss as conceded, due to Plaintiffs' failure to timely file an opposition memorandum, and (2) dismissed without prejudice Plaintiffs' Complaint against Defendant Brown. On May 13, 2013, the Court issued a separate [23] Order which, *inter alia*, struck Plaintiffs' late-filed opposition memorandum to Defendant Parker's motion to dismiss. The Court further granted Plaintiffs until May 15, 2013 to file a motion requesting reconsideration of the Court's Order dismissing without prejudice their case against Defendant Brown, and requesting post-deadline extensions for the filing of Plaintiffs' opposition briefs. *See* Order (May 13, 2013), ECF No. [23].

On May 15, 2013, Plaintiffs timely filed a [24] Motion for Reconsideration Seeking Extensions of Time for the Filing of Plaintiff Beneficiaries' Post-Deadline Opposition Briefs, which both Defendants opposed. On May 31, 2013, however, Plaintiffs filed a [28] Motion to Withdraw their Motion for Reconsideration, which requested, *inter alia*, that the Court permit Plaintiffs to withdraw their motion for reconsideration. On June 3, 2013, the Court subsequently issued an [29] Order granting Plaintiffs' motion to withdraw and, in light of this motion, dismissed Plaintiffs' case without prejudice in its entirety.

The Court also used the [30] Memorandum Opinion accompanying this Order as an opportunity to make an important clarification for the record. In Plaintiffs' motion to withdraw their motion for reconsideration, Plaintiffs vaguely indicated that they untimely filed their opposition motions "due to Plaintiffs' counsel's serious illness during April 2013." *See* ECF No. [28], at 1. However, the Court noted that in their motion for reconsideration, Plaintiffs represented more specifically that Plaintiffs' counsel was incapacitated from influenza only from Monday, April 22, 2013 until Tuesday, April 30, 2013. *See* ECF No. [24], at 2. Plaintiffs also represented that Plaintiffs' failed to timely file their opposition briefs because Plaintiffs' counsel made an inadvertent error in that he believed Plaintiffs had twenty-one (21) days, *see id.* at 3, instead of the fourteen (14) days provided by this Court's Local Rules plus three (3) additional days, where service is made through electronic filing, *see* LCvR 7(b); Fed. R. Civ. P. 6(d). Plaintiffs' counsel provided no explanation for his failure to consult this Court's Local Rules governing the time for responding to motions at the time Defendants' motions to dismiss were filed, which was prior to Plaintiffs' counsel's alleged incapacitation – specifically, on April 16, 2013 and April 17, 2013. Nor did Plaintiffs' counsel provide any explanation for his failure to consult the Local Rules in the days immediately following his alleged incapacitation. The Court noted the well-established rule that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993). *See also, e.g., Inst. for Policy Studies v. C.I.A.*, 246 F.R.D. 380, 383-86 (D.D.C. 2007). Therefore, although the Court had no occasion to rule on Plaintiffs' motion for reconsideration in view of their withdrawal of that motion, the Court noted, for purposes of the record, that the explanation proffered by Plaintiffs for their

failure to timely file their opposition memoranda "left much to be desired." Mem. Op. (June 3, 2013), ECF No. [30] at 3.

Subsequently, on September 21, 2013, Plaintiffs filed the present [31] Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). Both Defendants have filed oppositions and Plaintiffs have filed replies. Accordingly, this motion is ripe for review.

## II. LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure a district court is permitted to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). Here, Plaintiffs' counsel relies upon Rule 60(b)(1) and Rule 60(b)(6). Rule 60(b)(1) permits a court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) represents a catch-all provision, permitting a court to relieve a party from an order for "any other reason that justifies relief" besides Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).

## III. DISCUSSION

In support of his Rule 60(b) motion, Plaintiffs' counsel offers the following explanation for his late filing. Because of incapacitating illness, he was unable to file an extension request or prepare the motion in time. Pls.' Mem. ¶¶ 8-15. Further, both because of his mistake as to the rules of this Court and the lingering effects of his illness, Plaintiffs' counsel assumed that he had twenty-one days to file his response rather than the actual seventeen days provided by the Local Rules and the Federal Rules of Civil Procedure. *Id.* ¶¶ 14-15. In its June 3, 2013 Memorandum Opinion, although not called upon to decide a Rule 60(b) motion, this Court indicated that these

reasons for relief "left much to be desired." Mem. Op. (June 3, 2013), ECF No. [30] at 3. Now, presented with the same reasons (almost verbatim), the Court concludes that they are inadequate to justify relief under Rule 60(b).

As an initial matter, Plaintiffs' counsel's illness is something of a red herring, providing an incomplete explanation for his failure to timely file Plaintiffs' oppositions. Plaintiffs' counsel states that he began to feel the symptoms of influenza beginning on April 19, 2013. Pls.' Mem. ¶ 7. The Court notes, as it did in its June 3, 2013 Order, that these symptoms developed three days after Defendant Parker's motion to dismiss was filed and two days after Defendant Brown's motion was filed. Plaintiffs' counsel states that due to his illness he was incapacitated from April 22, 2013 to April 30, 2013. *Id.* ¶ 12. Yet, Plaintiffs' oppositions to Defendant's motions were due on May 3, 2013 and May 6, 2013, respectively.[2] Accordingly, even subtracting the time when Plaintiffs' counsel claims he was ill, he still had significant time to consult the Local Rules and either respond to Defendants' motions or (more likely) seek an extension of time to respond based on the good cause provided by his illness. Specifically, Plaintiffs' counsel had six days in which to take this action with respect to Defendant Parker's motion – three days prior to his illness and three days afterwards. Similarly, Plaintiffs' counsel had eight days to take this action with respect to Defendant Brown's motion – two days prior to his illness and six days afterwards.

In light of these facts, the remaining reason for Plaintiffs' counsel's late filing and failure to seek an extension request is his mistake as to the rules of this Court, which required that

---

[2] Puzzlingly, Plaintiffs' counsel continues to state that Plaintiffs' oppositions were due within fourteen days of the filing of Defendants' motions to dismiss. *Id.* ¶ 6. The Court has repeatedly informed Plaintiffs' counsel that under the Local Rules and the Federal Rules of Civil Procedure, Plaintiffs' oppositions to Defendants' motions to dismiss were due seventeen days after the filing of the motion. *See, e.g.,* Mem. Order (May 13, 2013), ECF No. [23] at 3.

5

Plaintiffs' oppositions to Defendants' motions to dismiss be filed within seventeen days of the filing of these motions. Plaintiffs' counsel describes this as "an inadvertent error in that he believed that Plaintiff Beneficiaries' had twenty-one (21) days . . . to file Plaintiff Beneficiaries' two (2) oppositions akin to other federal courts to which counsel is admitted and/or has practiced."[3] *Id.* ¶ 14. This mistake of the rules of this Court, Plaintiffs' counsel appears to contend, justifies relief under Rule 60(b)(1) or 60(b)(6). *Id.* ¶ 29. The Court finds neither provision applicable here.

### 1. Rule 60(b)(1)

As noted, Rule 60(b)(1) permits a court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has set out four factors for determining when a late filing may constitute "excusable neglect." *Pioneer*, 507 U.S. at 395. These factors are: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer*, 507 U.S. at 395). The inquiry into whether a party's action constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, although Plaintiffs do not cite *Pioneer*, the Court notes that three of the four *Pioneer* factors favor the Plaintiff. First, Defendants would not be prejudiced if this Court allowed Plaintiffs to file their oppositions out of time, as it would enable a ruling on the merits

---

[3] Although Plaintiffs' counsel lists other federal courts to which he is admitted, Pls.' Mem. ¶ 14 n. 1, he does not identify any other court to which he is admitted whose rules set a twenty-one day deadline for responding to motions.

Defendants' motions. Second, the length of the delay – consisting of only a matter of days – was short and did not significantly impact judicial proceedings. *See Cryer v. InterSolutions, Inc.*, No. 06-cv-2032, 2007 WL 1191928, at *6 (D.D.C. April 20, 2007) (length of delay was "not great" where motion for extension of time to file for class certification was filed 22 days after deadline). Third, there is no reason to believe that Plaintiffs' counsel acted in bad faith.

"Nevertheless, the remaining *Pioneer* factor – fault – is 'perhaps the most important single factor.'" *Institute for Policy Studies*, 246 F.R.D. at 383 (D.D.C. 2007) (quoting *Webster v. Pacesetter, Inc.*, 270 F.Supp.2d 9, 14-15 (D.D.C. 2003). *See also Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (describing fault as the "key factor" in excusable neglect analysis). Here, Plaintiffs' counsel states that his failure to file Plaintiffs' oppositions on time was due to mistake or ignorance of the rules of this Court. However, as the Supreme Court made clear in *Pioneer*, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392; *see also McDowell-Bonner v. District of Columbia*, 668 F.Supp.2d 124 (D.D.C. 2009) ("Although the United States Court of Appeals for the District of Columbia Circuit has declined to adopt a *per se* rule, it is nonetheless the case that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'") (quoting *In re Vitamins*, 327 F.3d at 1209-10).

As other courts of this district have noted, "[i]t is easy to see why this is so. If a simple mistake made by counsel were to excuse an untimely filing, 'it [would be] hard to fathom the kind of neglect that we would not deem excusable.'" *Institute for Policy Studies*, 246 F.R.D. at 383-84 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000)). *See also Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) ("If the court allows litigants to continually ignore deadlines and seek never ending extensions without consequence,

7

soon the court's scheduling orders would become meaningless.") (internal quotation omitted). Indeed, "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil Procedure and Local Rules." *Cobell v. Norton*, 213 F.R.D. 42, 42-43 (D.D.C. 2003). Furthermore, attorneys are "presumed to know and understand the rules of this Court," *Internet Fin. Servs. v. Law Firm of Lawson-Jackson*, 394 F.Supp.2d 1, 6 (D.D.C. 2005), as "[a]dmission to practice before this Court requires that an attorney affirm in writing that he or she is 'familiar with the Rules of the United States District Court for the District of Columbia.'" *McDowell-Bonner*, 668 F.Supp.2d at 126 (quoting LCvR 83.8(b)(6)(iii)).

Based on these principles, numerous courts of this district have rejected untimely filings "where the only triggering *Pioneer* factor was, as is the case here, a mistake made by counsel." *Institute for Policy Studies*, 246 F.R.D. at 384 (citing cases). *See, e.g.*, *McDowell-Bonner*, 668 F.Supp.2d at 127 ("the missed deadline of May 11, 2009 cannot be reasonably viewed as excusable"); *Casanova v. Marathon Corp.*, 499 F.Supp.2d 32, 34 ("mere characterization of prior counsel's failure [to timely file answer to counterclaim] as an oversight is insufficient"); *Halmon v. Jones Land Wootton USA*, 355 F.Supp.2d 239, 242 (describing as "lame" counsel's excuse that she "did not place the due date on her calendar"); *Webster*, 270 F.Supp.2d at 11 (D.D.C. 2003) ("[I]gnorance of the rules [ ] or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Cobell*, 213 F.R.D. at 42-43 ("inadvertent miscalculation of the date by which [plaintiffs] were required to respond to defendants' filings" not excusable neglect); *Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("inadvertently overlook[ing] a filing deadline [and later] to be reminded of it only by a show cause order some three weeks later [does not] constitute [ ] excusable neglect") (internal quotations omitted).

Accordingly, the Court finds that Plaintiffs' counsel's late filing does not constitute excusable neglect. To excuse such failure to consult the Local Rules without consequence would open the door for any basic procedural error to qualify as excusable neglect. Further, the Court takes judicial notice of the fact that Plaintiffs' counsel has been admitted to practice before this Court for approximately eight years, since November 2005, and is consequently presumed to be familiar with the Local Rules of this Court. *See* LCvR 83.8(b)(6)(iii). In light of these considerations, as well as precedent in this district, the Court concludes that Plaintiffs' counsel's error in late filing does not provide sufficient grounds for relief under Rule 60(b)(1).

2. **Rule 60(b)(6)**

Relief under Rule 60(b)(6) would also be inappropriate here. The Supreme Court has consistently held that Rule 60(b)(6) motions should only be granted in "extraordinary circumstances." *Ackerman v. United States*, 340 U.S. 193, 199 (1950). *See also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The D.C. Circuit has "similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Further, claims under Rule 60(b)(6) must not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "Rule 60(b)(6) does not provide an opportunity to relitigate a motion brought unsuccessfully under one of the other provisions of Rule 60(b)." *Green v. American Federation of Labor, and Congress of*

9

*Industrial Organizations*, 287 F.R.D. 107, 109 (D.D.C. 2012) (quoting *Kramer*, 481 F.3d at 792).

Here, this is exactly what Plaintiffs' counsel has sought to do. Failing in the argument that his late filing constitutes excusable neglect under Rule 60(b)(1), Plaintiffs' counsel has also requested relief under Rule 60(b)(6). Despite the fact that Plaintiffs bear the burden for showing the appropriateness of Rule 60(b) relief here, Plaintiffs' counsel provides no argument for why Rule 60(b)(6) is applicable for a standard late filing, much less why this case constitutes the required "extraordinary circumstances." *Ackerman*, 340 U.S. at 199. In the past, courts have found such "extraordinary circumstances", for example, "when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust," *Good Luck Nursing Home*, 636 F.2d at 577. Other "examples of the limited circumstances where relief under Rule 60(b)(6) is appropriate include an adversary's failure to comply with a settlement agreement which was incorporated in a court's order, fraud by 'the party's own counsel, by a codefendant, or by a third-party witness[,]' or 'when the losing party fails to receive notice of the entry of judgment in time to file an appeal.'" *Green*, 287 F.R.D. at 109 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2864 (2d ed. 1995)). This case, by contrast, represents garden-variety attorney error. To premise relief under Rule 60(b)(6) on such a basis would do violence to the Supreme Court and D.C. Circuit's instructions that this provision should be "sparingly used." *Kramer*, 481 F.3d at 792. Rather than unnecessarily stretch the boundaries of Rule 60(b)(6), the Court concludes that Plaintiffs are not entitled to relief under this provision either.

### IV.  CONCLUSION

For the reasons stated herein, Plaintiffs' [31] Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) is DENIED. Accordingly, this action remains DISMISSED WITHOUT PREJUDICE in its entirety. However, although the Court denies this motion, it notes that Plaintiffs may still ultimately find relief on the merits. Because this action is dismissed without prejudice, Plaintiffs are free to refile this case if they choose to do so.[4] An appropriate order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

[4] Because this case was dismissed without prejudice, the Court has not addressed Defendants' arguments on the merits that Plaintiffs' claims are *res judicata*, as a judge of the District of Columbia Superior Court has ruled on them and this opinion was affirmed by the District of Columbia Court of Appeals. *See* Brown Opp'n at 3-4.